# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**DUSTIN RAY RICHARDSON**                                                                  **PETITIONER**

**v.**                                                  **CIVIL ACTION NO. 5:06-CV-P135-R**

**COMMONWEALTH OF KENTUCKY**                                         **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

The petitioner, Dustin Ray Richardson, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus (DN 1). The petitioner also filed a motion to amend his petition to substitute Thomas Simpson, Warden, Kentucky State Penitentiary, for the Commonwealth of Kentucky, the current respondent (DN 9). According to the petition, the petitioner is currently incarcerated in the Kentucky State Penitentiary. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Court provides as follows; "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The petitioner's motion to amend (DN 9) is therefore **GRANTED** and **the clerk of Court is instructed to substitute Thomas Simpson, Warden, Kentucky State Penitentiary, in place of the Commonwealth of Kentucky as the respondent in this action.**

The matter is currently before the Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because the petitioner has failed to exhaust all available state remedies, the Court will dismiss the petitioner's § 2254 petition.

According to the petition, on August 19, 2003, the petitioner pleaded guilty in state court to robbery in the second degree and burglary in the second degree. He was sentenced to five years in prison. He did not appeal his guilty-plea convictions.

The petitioner filed a motion under Kentucky Rule of Criminal Procedure 11.42 in the court of conviction, *i.e.*, the Jefferson County Circuit Court, raising claims that he received ineffective assistance of counsel in that he was mislead to enter an "*Alford* plea" without understanding the consequences and that he was mislead into believing that he would receive probation in exchange for his plea agreement.  The motion was rejected by the trial court in June 2004.  The petitioner also filed in that court a motion to set aside his guilty plea pursuant to Kentucky Rule of Criminal Procedure 60.02, which asserted that he had received ineffective assistance of counsel because he had been mislead regarding the consequences of his guilty plea; that he should not have been charged with second-degree robbery because the merchandise in question had not been stolen to accomplish theft as defined by Kentucky statute; and that his conviction for second-degree burglary was premised only on hearsay evidence.  The trial court denied that motion in June 2006.  The petitioner indicates in his petition that he did not appeal either of these decisions, and he further states that he missed the appellate deadlines because he is not educated in the law and was receiving help from incompetent prison legal aides.

The petitioner has filed a § 2254 petition in this Court raising claims (1) that his guilty plea was not voluntary because he did not understand the nature of the charges or the consequences of the plea due to ineffective assistance of counsel; (2) that his plea was in violation of his right not to incriminate himself; (3) that the prosecution did not disclose favorable evidence; (4) that counsel was ineffective in not preparing a defense, misleading the petitioner into self-incrimination, and failing to inform him of favorable evidence; (5) that his constitutional right to be examined by mental health professionals prior to conviction was violated; (6) that he was unlawfully charged with second-degree robbery because he did not

2

threaten or use physical force to accomplish the theft; and (7) that his second-degree burglary conviction was unlawful because it was not supported by sufficient evidence.

It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Hannah v. Conley,* 49 F.3d 1193, 1195 (6th Cir. 1995). Any alleged constitutional deprivations must be asserted through the state appellate process. "In the Sixth Circuit, a habeas petitioner normally must present his claim to the state's highest court in order to exhaust . . . ." *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

By not presenting the claims he now wishes to bring in his § 2254 petition before the Kentucky Court of Appeals and the Kentucky Supreme Court, the petitioner has failed to exhaust his claims. Under Kentucky Procedural Rules it appears that the petitioner's time to seek discretionary review has passed. However, Kentucky courts have determined that the appellate court which is to entertain the matter may grant a right to a belated appeal. *See Cleaver v. Commonwealth*, 569 S.W. 2d 166, 169 (Ky. 1978). It appears such a remedy still is available to the petitioner. As a matter of comity, this Court will not consider the petitioner's constitutional claims as long as he has an available state forum. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. ").

For the foregoing reasons, the petitioner has not demonstrated satisfactorily that he has exhausted his state remedies. The petition for writ of habeas corpus therefore will be

**DISMISSED** by separate order.  The petitioner's motion for appointment of counsel (DN 5) is **DENIED** as moot.

## CERTIFICATE OF APPEALABILITY

An individual, who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review, must secure a certificate of appealability ("COA") from either "a circuit justice or judge" before the appellate court may review the appeal.  28 U.S.C. § 2253(c)(1).  A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  *Id.*  In such a case, no appeal is

warranted.  *Id.*  The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

Date:

cc:	Petitioner, *pro se*
	Respondent
	Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
	   1024 Capital Center Drive, Frankfort, KY 40601

4413.009